**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TIMOTHY O'SULLIVAN, *individually and* )<br>On behalf of all others similarly situated, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>ISPRING WATER SYSTEMS, LLC, a )<br>Domestic limited liability company, )<br> )<br>    Defendant. )<br>                            ) | CIVIL ACTION NUMBER<br><br>_____<br><br>COMPLAINT – CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

Plaintiff, TIMOTHY O'SULLIVAN, individually and on behalf of all other persons similarly situated, by his undersigned attorneys, Hurt Stolz, P.C. and Kozonis Law, P.C., for his Class Action Complaint against Defendant, iSpring Water Systems, LLC ("iSpring"), alleges the following based upon personal knowledge as to himself and his own action, and, as to all other matters, respectfully alleges, upon information and belief and investigation of his counsel, as follows:

**NATURE OF THE ACTION**

1.

This is a class action case brought on behalf of all purchasers of Defendant iSpring's products that were packaged, labeled, advertised, marketed, sold, and/or

distributed as made in the United States, including, but not limited to, iSpring's water filtration systems and parts (hereinafter the "Products"). Through a fraudulent, unlawful, deceptive and unfair course of conduct, Defendant packaged, labeled, advertised, marketed, sold, and/or distributed the Products with the false representation that the Products are all made in the United States. In reality, Defendant's Products are wholly imported and/or sources of significant inputs to Defendant's Products are from overseas.

2.

Defendant's express or implied representations that the Products were made in the United States are false, deceptive and misleading, and violate almost every state warranty, consumer protection, and product labeling law in the United States.

3.

Plaintiff now brings this proposed consumer class action on behalf of himself and all other persons nationwide, who from the applicable limitations period(s) up to and including the present, purchased Defendant's Products. Defendant has deceived Plaintiff and other consumers nationwide. Through Defendant's unfair and deceptive practices, Defendant has collected millions of dollars from the sale of its Products that it would not have otherwise earned. Plaintiff brings this action to stop Defendant's misleading practice.

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA") codified as 28 U.S.C. § 1332(d)(2) because the claims of the proposed Class Members exceed $5,000,000 (*see infra* at ¶ 52) and because Defendant is a citizen of a different state than most Class Members.

5.

The Court has personal jurisdiction over Defendant because Defendant's headquarters are located in Georgia and Defendant regularly conducts business in this District.

6.

Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

7.

Plaintiff, Timothy O'Sullivan, is a citizen of the State of South Carolina residing in the City of Bluffton, and is a member of the Classes defined herein. Mr. O'Sullivan and members of the Classes suffered an injury in fact caused by the false,

fraudulent, unfair, deceptive and misleading practices of Defendant set forth in this Complaint.  Plaintiff Timothy O'Sullivan and members of the Classes would not have purchased the Products had they known they were not made in the United States.

8.

Defendant, iSpring, is a Georgia limited liability company with its principal office place of business at 3020 Trotters Parkway, Alpharetta, GA 30004.

## FACTUAL ALLEGATIONS

9.

Defendant manufactures, markets, advertises, packages, and distributes reverse osmosis ("RO") water filtration systems and parts all across the United States.

10.

Defendant Products include residential and commercial RO systems, whole house water systems, ultrafiltration systems, shower, faucet, and counter top filters, filter cartridges and housings, RO coolers, and kitchen faucets and fittings.

11.

Defendant directs and controls all significant aspects of the sale of its well-known Products, including the manufacturing, marketing, packaging, distribution, and pricing.

12.

The Products are sold at hundreds (if not thousands) of stores throughout the United States and on consumer retail websites such as Amazon.com, Walmart.com, Homedepot.com, Sears.com, and Purewaterfilter.org.

13.

According to Defendant, it is the "#1 Best Seller" of water filtration systems in the United States.

14.

Defendant sells its well-known water filtration systems for a premium. For example, Defendant charges approximately $186.00 for one of its residential RO water filtration system.[1]

---

[1]    http://www.homedepot.com/p/ISPRING-5-Stage-Under-Sink-Reverse-Osmosis-Water-Filter-with-Brushed-Nickel-Faucet-RCC7/206396226?cm_mmc=Shopping%7cTHD%7cG%7c0%7cG-BASE-PLA-D26P-Plumbing%7c&gclid=Cj0KEQjwmcTJBRCYirao6oWPyMsBEiQA9hQPblR_s

15.

Unlike Defendant's residential water filtration system, a typical water filtration system costs as little as $54.00.[2]

16.

Defendant is able to sell the Products for a premium because, as highlighted in the following images, Defendant advertised, marketed, labeled, packaged and/or disseminated the Products with express and/or implied representations that the Products are made in the United States[3]:

---

YH7k9SaXsYpRENaa9HM4OUYEj7taOeeJurVzq4aAo358P8HAQ&gclsrc=aw
.ds.

[2]  See e.g., http://www.homedepot.com/p/GE-Whole-Home-Water-Filtration-System-GXWH35F/100471274.

[3] See also Group Exhibit A, attached hereto.

**iSpring #APG16 Pressure Gauge 0 220 psi 1/4 inch fitting**



Click to enlarge

## How to check water pressure by using pressure gauge?

* Connect a piece of hose to the gauge
* Attach the other end to your tap
* Turn the water on fully
* Read the pressure ◆ It◆s as simple as that!

## Why iSpring Water Systems?

* Family owned innovative small business that thrives on customers satisfaction
* Built in USA Legendary brand of water filter
* WQA Gold Seal & NSF Certified product to ensure product quality, material safety and your health
* Free tech support before and after sale from Atlanta, Georgia. We love to help our customers.
* Ship from Atlanta facility daily. Only 2-day transit time for most states in Eastern time zone and part of Central time zone (including Texas)





Google "built in usa" site: 123filter.com

All Shopping News Videos Images More Settings Tools

About 5,450 results (0.67 seconds)

iSpring Water Systems - #1 Best Seller Reverse Osmosis Water Filter
https://www.123filter.com/ ▾
Got clean water? BUILT IN USA WITH WQA GOLD SEAL CERTIFICATION AGAINST NSF/ANSI STANDARDS · HOME · Knowledge base · Installers · Policies ...
You visited this page on 11/15/16.

Our Contact Information | iSpring Water Systems - #1 Best Seller ...
www.123filter.com/catalog/contact_us.html ▾
Got clean water? BUILT IN USA WITH WQA GOLD SEAL CERTIFICATION AGAINST NSF/ANSI STANDARDS ... Thank you for visiting our website. If you have any ...

About Us | iSpring Water Systems - #1 Best Seller Reverse Osmosis ...
www.123filter.com/catalog/about_us.html ▾
Got clean water? BUILT IN USA WITH WQA GOLD SEAL CERTIFICATION AGAINST NSF/ANSI STANDARDS · HOME · Knowledge base · Installers · Policies ...

Faq | Installation manual | iSpring Water Systems - #1 Best Seller ...
https://www.123filter.com/catalog/knowledgebase.php ▾
Got clean water? BUILT IN USA WITH WQA GOLD SEAL CERTIFICATION AGAINST NSF/ANSI STANDARDS · HOME · Knowledge base · Installers · Policies ...

Parts and Accessories | iSpring Water Systems
www.123filter.com/catalog/parts-and-components.html ▾
... a range of high quality parts and components for drinking water systems at 123filter! ... BUILT IN USA WITH WQA GOLD SEAL CERTIFICATION AGAINST ...

iSpring RCC7 - WQA Gold Seal Certified
- 5-Stage 75 GPD Residential Under-Sink Reverse
Osmosis Drinking Water Filtration System

by iSpring

★★★★★ ▾   2,145 customer reviews  |  896 answered questions

#1 Best Seller  in Hot & Cold Water Dispensers

Price: $178.09 & FREE Shipping. Details

Your cost could be $173.09: Qualified customers get $5 in Gift Card funds on first $100 reload of their Amazon Gift Card Balance. Learn more

✓Prime

In Stock.

Want it Monday, Oct. 24? Order within 26 hrs 56 mins and choose Two-Day Shipping at checkout. Details
Ships from and sold by Amazon.com in easy-to-open packaging. Gift-wrap available.

Want your water filter replaced by a professional?
Buy water filter replacement services directly on Amazon. Backed by our Happiness Guarantee.
Estimate $150.95

• Rejects up to 99% of 1,000+ pollutants including chlorine, fluoride, lead, arsenic, pesticides, pathogens, sulfur, THMs, PFOA and PFOS
• European Style Brushed Nickel Faucet; Transparent housing for visual filter monitoring
• Earned Water Quality Association (WQA) Gold Seal for exceptional quality, safety, and durability
• Streamlined DIY installation process; Fits most under sink cabinets
• Proudly Built in the USA; Based out of Atlanta, Georgia



View larger



sears
Deals Coupons Local Ad Gift Ideas Credit Card Store Locator Kmart.com Help
Search
FREE SHIPPING OVER $49*
Sign In Your Account
Check Your Order Status
Cart
Appliances Auto Baby Clothing Electronics Fitness Home Jewelry Outdoor Parts & Services Shoes Tools Toys Christmas More...
Earn 10% in points on qualifying purchases with Sears Card see details
Home / Appliances / Water Coolers & Filter Systems / Results For: "ispring"
22 results found for "ispring"
& marketplace (22)
Only
In-store: Set Your Location
sort by
Refine Your Search
Category
Under Sink (15)
Water Coolers (3)
Countertop (2)
Faucet Mounts (2)
Price
$0 - $75 (5)
$75 - $225 (4)
$225 - $300 (6)
$300 - $425 (4)
$425 & above (3)
advertisement
$264.99
iSpring RCC7AK - Built in USA, WQA Certified Reverse
Sold by 2Shop
compare now
$299.99
See price
iSpring #RCC7AK 6-stage 75 GPD Reverse Osmosis
Sold by iSpring Water ...
compare now
$699.99
$599.99
iSpring RCS5T 500 GPD Tankless Side-Flow Commercial 5-
Sold by iSpring Water ...
compare now
$699.99
$549.99
iSpring 300GPD Commercial Reverse Osmosis Water Filter
Sold by iSpring Water ...
compare now

## iSpring RCC7 - Built in USA, WQA Certified Reverse Osmosis 5-Stage 75GPD Under-Sink Water Filter with Brushed Nickel EU Faucet & See-through Housing

2 reviews   Q&A   By: iSpring Water Systems



$178^{48}$   + FREE shipping

🌲 Get this by Christmas

Sold & Shipped by iSpring Water Systems, LLC

🚚 FREE shipping Shipping options

📷 Pickup not available from this seller

Quantity:          **Add to Cart**

1 ▾

📋 Add to List          🎁 Add to Registry

**Holiday deals in Home Improvement.**
**GREAT GIFTS**          **Shop now**

---



### iSpring WKW21 3-Stage 10-Inch Whole House Drinking Water Filter

Be the first to write a review.

Item condition:   For parts or not working

" Item is damaged as visible in photographs. Item comes as photographed. Additional pieces may be " ... Read more

Time left:   8d 22h 69 2:00PM

| Price: | US $22.95 | Buy It Now |
| --- | --- | --- |
| | | Add to cart |
| | 1 watching | Add to watch list |
| | | Add to collection |

| Free shipping | 30 day returns | Located in United States |
| --- | --- | --- |

Shipping:   FREE Economy Shipping | See details
From seller: Bloomington Indiana, United States
Ships to: United States and many other countries | See details

Delivery:   Estimated between Fri. Jun. 2 and Thu. Jun.

**Seller information**
lovelykitchenllc (1148   )
100% Positive feedback

☐ Follow this seller

Visit store:   Lovely Kitchen
See other items

17.

Contrary to the aforementioned representations, Defendant's Products are ***not*** made in the United States.

18.

Attached hereto as Exhibit B is the Federal Trade Commission's ("FTC") Enforcement Policy Statement on U.S. Origin Claims.  This document provides guidance to manufacturers and merchants regarding the use of "Made in the USA" and similar claims in marketing and advertising.

19.

As this guidance makes clear, a claim that a product is made in the USA can be express or implied.  The "Made in USA" claim with respect to Defendant's products constituted an express claim of domestic origin.

20.

For a product to be called American-made or claimed to be of domestic origin, without qualifications or limits on that claim, the product must be "all or virtually all" made in the United States.  The term "United States," as referred to in the Enforcement Policy Statement, includes the 50 states, the District of Columbia, and all U.S. territories and possessions.  "All or virtually all" means that all significant

parts and processing that go into the product must be of U.S. origin. That is, the product should contain no – or negligible – foreign content.

21.

When a manufacturer or marketer makes an unqualified, express claim that a product is American-made, it should have and rely on a "reasonable basis" to support the claim at the time it is made.  This means a manufacturer or marketer needs competent and reliable evidence to back up the claim that its product is "all or virtually all" made in the United States.

22.

In a Federal Register notice, the Customs Service indicated that, where a product has a foreign origin, any references to the United States would be considered misleading to the ultimate purchaser and would require foreign country-of-origin marking in accordance with 19 C.F.R. § 134.46.  62 Fed. Reg. 44,211, 44,213 (1997).

23.

In February of 2017, the FTC filed a complaint against Defendant alleging that Defendant deceived consumers with false, misleading, or unsupported claims that its Products are "Built in USA," "Built in USA Legendary brand of water filter," and "Proudly Built in the USA."  A copy of the Complaint and Decision and Order entered into thereafter are attached hereto as Exhibit C.

24.

As a result of the complaint filed by the FTC, Defendant agreed to stop making misleading unqualified claims that the Products are made in the United States.  *See* FTC Press Release attached hereto as Exhibit D.

25.

Defendant made the aforementioned misrepresentations and/or omissions with the intention that Plaintiff and other consumers would rely on them.  The only conceivable purpose for falsely and deceptively making these claims about the Products is to stimulate sales and enhance Defendant's profits.

26.

The aforementioned misrepresentations and/or omissions of Defendant are significant and material to a reasonable consumer.  Plaintiff and members of the Classes relied on Defendant's misrepresentations and/or omissions to purchase the Products.

27.

A 2015 survey by Consumer Reports magazine found that almost 80% of Americans are willing to pay more for American-made goods.

> This month . . . we examine one of the nation's most ubiquitous labels: Made in America.  **It's a phrase that wields real power in the marketplace**. A recent Consumer Reports survey found that 77 percent of

> Americans are willing to pay more for a product that has
> the claim.

"What does the 'Made in America' label really mean?" Consumer Reports, July 2015, available at www.consumerreports.org/cro/magazine/2015/07/from-ourpresident-july-2015/index.htm, (emphasis added).

28.

These consumers choose to purchase American because of a "belief in American quality and safety," and because it is "the best way to support the American economy and workers." *See* Exhibit E attached hereto.

29.

Because of Defendant's deceptive advertising practices, consumers (including Plaintiff) were fraudulently induced to purchase the Products.

**Plaintiff's Experience with Defendant's Products**

30.

Plaintiff is a patriotic American who seeks out and prefers to purchase goods made in the United States rather than imported goods, and is willing to pay a premium for American-made goods.

31.

Like other Class members, Plaintiff prefers to "buy American" because of his "belief in American quality and safety," and because it is "the best way to support the American economy and workers."

32.

In January 2014, Plaintiff purchased one of Defendant's Products - a well-known water filtration system.  *See* Exhibit F hereto.

33.

In May of 2017, Plaintiff discovered for the first time that Defendant's Products, including the water filtration system he purchased, are not made in the United States.

34.

Plaintiff purchased and paid a premium for the water filtration system because Defendant advertised and packaged the product as made in the United States.

35.

Plaintiff would not have purchased and paid a premium for the water filtration system had he known that it was wholly imported and/or sources of significant inputs to the water filtration system are from overseas.

36.

Plaintiff is in the same Classes as all other consumers who purchased Defendant's Products during the relevant time period.  Plaintiff and the members of the Classes were in fact misled by Defendant's misrepresentations and/or omissions in respect to the Products.  Plaintiff and members of the Classes would have purchased other less expensive water filtration systems and parts, if any at all, if they had not been deceived by the misleading and deceptive packaging, labeling, advertising and/or marketing of the Products by Defendant.

37.

Consumers are particularly vulnerable to these kinds of false and deceptive marketing practices.  Most consumers are unable to verify that products such as Defendant's are, in fact, made in the United States.  As set forth above, this is a material factor in consumers' purchasing decisions.

38.

Plaintiff intends to make future purchases of water filtration systems and parts that are represented as made in the United States.  Because Defendant operates under various business names and sells the Products through various stores and consumer retail websites, Plaintiff has no way of knowing the products he is purchasing are, in fact, made in the United States.  Accordingly, without injunctive relief, consumers

– including Plaintiff – could easily fall prey to such deceptive marketing tactics in the future.

## CLASS ACTION ALLEGATIONS

39.

Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

40.

Plaintiff brings this action individually and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23. The class definition(s) may depend on the information obtained throughout discovery. Notwithstanding, at this time, Plaintiff brings this action and seeks certification of the following Classes:

> **National Class:** All persons within the United States who purchased the Products from the beginning of any applicable limitations period through the date of class certification (the "National Class" or the "Class").

> **South Carolina Sub-Class:** All persons in South Carolina who purchased the Products from the beginning of any applicable limitations period through the date of class certification (the "South Carolina Sub-Class").

41.

Excluded from the Classes are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents, employees and their legal representatives, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, Plaintiff's counsel, their staff and immediate family.

42.

Plaintiff reserves the right to amend the Class definitions if further information and discovery indicate that the Class definitions should be narrowed, expanded, or otherwise modified.

43.

Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

44.

**Numerosity – Federal Rule of Civil Procedure 23(a)(1)**. The members of the Classes are so numerous that their individual joinder herein is impracticable. On information and belief, Class Members number in at least the thousands. The precise

number of Class Members and their addresses are presently unknown to Plaintiff, but may be ascertained from Defendant's books and records.  Class Members may be notified of the pendency of this action by mail, email, Internet postings, and/or publication.

<div align="center">45.</div>

**Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3)**.  Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members. Such common questions of law or fact include:

a) Whether Defendant made express or implied representations that the Products are made in the United States;

b) Whether Defendant had a "reasonable basis" to make express or implied representations that the Products are made in the United States;

c) Whether the Products are made in the United States as defined by the FTC;

d) Whether the Products are wholly imported and/or sources of significant inputs to the Products are from overseas;

e) Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive;

f)   Whether consumers paid a premium for Defendant's Products;

g)   Whether Defendant's actions violate the state consumer fraud statute invoked below;

h)   Whether Defendant breached express warranties to Plaintiff and Class members;

i)   Whether Plaintiff and Class members were damaged by Defendant's conduct;

j)   Whether Defendant was unjustly enriched at the expense of Plaintiff and Class members; and

k)   Whether Plaintiff and class members are entitled to injunctive relief.

46.

Defendant engaged in a common course of conduct giving rise to the legal rights Plaintiff seeks to enforce, on behalf of himself and the other Class Members. Similar or identical statutory and common law violations, business practices, and injuries are involved.   Individual questions, if any, pale in comparison, in both quality and quantity, to the numerous common questions that dominate this action.

47.

**Typicality – Federal Rule of Civil Procedure 23(a)(3)**.  Plaintiff's claims are typical of the claims of the other members of the Classes because, among other

things, all Class Members were comparably injured through Defendant's uniform misconduct described above.  Further, there are no defenses available to Defendant that are unique to Plaintiff or to any particular Class Members.

<center>48.</center>

**Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4)**. Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other Class Members he seeks to represent; he has retained counsel competent and experienced in complex class action litigation; and he will prosecute this action vigorously.  The Classes' interests will be fairly and adequately protected by Plaintiff and the undersigned counsel.

<center>49.</center>

**Insufficiency of Separate Actions – Federal Rule of Civil Procedure 23(b)(1)**.  Absent a representative class action, members of the Classes would continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible

standards of conduct for Defendant. The proposed Classes thus satisfy the requirements of Fed. R. Civ. P. 23(b)(1).

<div align="center">50.</div>

**Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2)**. Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the Classes as a whole.

<div align="center">51.</div>

**Superiority – Federal Rule of Civil Procedure 23(b)(3)**. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other members of the Classes are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Classes to individually seek redress for Defendant's wrongful conduct. Even if members of the Classes could afford individual litigation, the court system could not. Individualized litigation would create a potential for inconsistent or contradictory

judgments, and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

<p style="text-align:center">52.</p>

**Basis for Determination of Jurisdictional Amount Pursuant to LR 23.1**. As set forth above (*see* ¶ 4), this Court has subject matter jurisdiction pursuant CAFA because the claims of the proposed Class Members exceed $5,000,000.  "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Verizon Communications*, 627 F.3d 395, 400 (10th Cir. 2011) quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).  Plaintiff believes the jurisdictional amount is satisfied on the following basis:  Defendant claims to be the "#1 Best Seller" of water filtration systems in the United States.  In fact, Defendant's Products are sold at major retail stores such as Amazon.com, Walmart.com, Homedepot.com, Sears.com, and Purewaterfilter.org.  Moreover, a "Youtube" video posted in late-2013 indicates that over 300,000 users viewed a video about how to install one of

Defendant's well-known water filtration systems.[4]   Based on this information, Plaintiff believes it is safe to assume that, at a minimum, 250,000 consumers have purchased one of the Products over the applicable Class Period.   Defendant charges approximately $186 for one of its well-known water filtration systems.   *See supra* at ¶ 14.   By attributing a modest 10% price premium ($18.60) for Defendant's false "Made in the USA" claims[5] to the purchase price of 250,000 units, that amounts to a total compensatory damages award of $4,650,000.   In addition, Plaintiff seeks an award of his attorneys' fees as permitted under the Georgia Fair Business Practices Act, OCGA §§ 10-1-390 *et seq*.   Applying a 30% fee award[6] to the conservative estimate of $4,650,000 in potential compensatory damages, the potential attorneys'

---

[4] https://www.youtube.com/watch?v=sDhC9XMKLPA.

[5] A 2015 survey by Consumer Reports magazine found that a majority of Americans are willing to pay 10% or more for American-made goods. *See* http://www.consumerreports.org/cro/magazine/2015/05/made-in-america/index.htm.

[6] A fee award of approximately 30% of the judgment is "well within the reasonable range of percentage of the fund awards" in class actions. *See Multi-Ethnic Immigrant Workers Org. Network v. City of Los Angeles*, No. CV 07-3072 AHM FMMX, 2009 WL 9100391, at **4-5 (C.D. Cal. June 24, 2009) (finding 31% fee award of $3.9 million in attorney's fees reasonable in class action suit and noting a study that attorneys' fees in class actions averaged approximately 32% of the recovery); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) (affirming 28% fee award of $7 million of attorney's fees in class action).

fee award could easily amount to $1,395,000 (30% of $4,650,000), thus bringing the total potential recovery to $6,045,000.[7]

## CAUSES OF ACTION

## Count I - Violation of the Georgia Fair Business Practices Act

## (On Behalf of the National Class)

53.

Plaintiff incorporates by reference all of the foregoing paragraphs of this Complaint as if fully stated herein.

54.

The Georgia Fair Business Practices Act ("FBPA"), OCGA §§ 10-1-390 *et seq.*, prohibits the use of unfair or deceptive business practices in the conduct of trade or commerce.  The FBPA is to be liberally construed to effectuate its purposes. OCGA § 10-1-391.

---

[7] Plaintiff sets forth the information contained in this Paragraph for the sole purpose of satisfying the jurisdictional basis requirement set forth in LR23.1.  Plaintiff sets forth this information without the benefit of fact or expert discovery.  Plaintiff expressly reserves the right to amend this Paragraph if and when further information and discovery indicate that it should be modified including, but not limited to, the price premium, average price per unit and the number of units sold set forth herein.

55.

OCGA § 10-1-393(b)(4)(A) provides that the "the following practices are declared unlawful:  [u]sing deceptive representations or designations of geographic origin in connection with goods or services."

56.

Defendant violated OCGA § 10-1-393(b)(4)(A) of the FBPA by marketing and representing that its Products are made in the United States when they, in fact, are not made in the United States.

57.

It is alleged on information and belief that Defendant's violations of the FBPA set forth herein were done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit.  It is also alleged on information and belief that Defendant did these acts knowing the harm that would result to Plaintiff and the Class members and that Defendant did these acts notwithstanding that knowledge.

58.

As a direct and proximate result of Defendant's violations of the FBPA, Plaintiff and Class members are entitled to the following remedies against

Defendant: (a) a declaration that Defendant violated the FBPA; and (b) an injunction preventing Defendant's unlawful actions.

<center>59.</center>

Plaintiff suffered an "injury-in-fact" because Plaintiff's money was taken by Defendant as a result of Defendants' false 'Made in U.S.A.' claims set forth herein.

<center>60.</center>

Moreover, Defendant's deceptive practices involving the Products were designed, established, and initiated from Defendant's marketing and sales agents located at Defendant's corporate headquarters in Georgia and were designed to be uniformly relied upon by consumers nationwide when they purchased the Products thereby implicating the legitimate interest of the State of Georgia in ensuring that entities within its jurisdiction operate in accordance with Georgia law.

<center>61.</center>

Therefore, Georgia has a legitimate interest in applying its law to adjudicate this dispute and to ensure that its residents comply with its consumer protection laws while serving Georgia and out-of-state consumers.

62.

Accordingly, Georgia law has significant contacts to the claims asserted by this Class so that application of its consumer fraud laws to all Class claimants is not arbitrary, capricious, or unfair and is not a violation of due process.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the National Class proposed in this Complaint, respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is a proper class action, certifying the National Class as requested herein, designating Plaintiff as Class Representative, and appointing the undersigned counsel as Class Counsel for the National Class;

b) Enjoining Defendant from engaging in the unlawful conduct set forth herein;

c) Ordering Defendant to pay actual damages to Plaintiff and the other members of the National Class;

d) Ordering Defendant to pay punitive damages, as allowable by law, to Plaintiff and the other members of the National Class;

e)  Ordering Defendant to pay reasonable attorneys' fees and litigation costs to Plaintiff and the other members of the National Class;

f)  Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

g)  Ordering such other and further relief as may be just and proper.

## Count II

## Violation of the South Carolina Unfair Trade Practices Act

## (In the Alternative to Count I and on behalf of the South Carolina Sub-Class)

### 63.

Plaintiff incorporates by reference Paragraphs 1-52 of this Complaint as if fully stated herein.

### 64.

The South Carolina Unfair Trade Practices Act (the "UTPA"), S.C. Code §§ 39-5-10 *et seq*., prohibits the use of unfair or deceptive business practices in the conduct of trade or commerce.

### 65.

Defendant's conduct in marketing, advertising, packaging, labelling and/or selling the Products as made in the United States constitutes the act, use and

employment of deception, fraud, false pretenses, false promises, misrepresentation, and unfair practices in the conduct of Defendant's trade or commerce.

66.

It is alleged on information and belief that Defendant's violations of the UTPA set forth herein were done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit.  It is also alleged on information and belief that Defendant did these acts knowing the harm that would result to Plaintiff and the Class members and that Defendant did these acts notwithstanding that knowledge.

67.

As a direct and proximate result of Defendant's violations of the UTPA, Plaintiff and Class members are entitled to the following remedies against Defendant:  (a) a declaration that Defendant violated the UTPA; and (b) an injunction preventing Defendant's unlawful actions.

68.

Plaintiff suffered an "injury-in-fact" because Plaintiff's money was taken by Defendant as a result of Defendants' false 'Made in U.S.A.' claims set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Illinois Sub-Class proposed in this Complaint, respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is a proper class action, certifying the South Carolina Sub-Class as requested herein, designating Plaintiff as Class Representative, and appointing the undersigned counsel as Class Counsel for the South Carolina Sub-Class;

b) Enjoining Defendant from engaging in the unlawful conduct set forth herein;

c) Ordering Defendant to pay actual damages to Plaintiff and the other members of the South Carolina Sub-Class;

d) Ordering Defendant to pay punitive damages, as allowable by law, to Plaintiff and the other members of the South Carolina Sub-Class;

e) Ordering Defendant to pay reasonable attorneys' fees and litigation costs to Plaintiff and the other members of the South Carolina Sub-Class;

f) Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

g) Ordering such other and further relief as may be just and proper.

## Count III

## Unjust Enrichment

## (On Behalf of the National Class and the South Carolina Sub-Class)

69.

Plaintiff incorporates by reference all of the foregoing paragraphs of this Complaint as if fully stated herein.

70.

Plaintiff brings this claim against Defendant on behalf of himself, the National Class, and the South Carolina Subclass (for purposes of this Count, the "Classes").

71.

Plaintiff and the other members of the Classes conferred benefits on Defendant by purchasing the Products.

72.

Defendant has been unjustly enriched in retaining the revenues derived from the purchases of the Products by Plaintiff and the other members of the Classes. Retention of those monies under these circumstances is unjust and inequitable because the marketing, advertising, packaging and/or labelling of the Products was misleading to consumers, which caused injuries to Plaintiff and the other members

of the Classes because they would not have purchased or paid a premium for the Product had they known the true facts, that the Products were not made in the United States.

73.

Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and the other members of the Classes is unjust and inequitable, Defendant must pay restitution to Plaintiff and the other members of the Classes for its unjust enrichment, as ordered by the Court.

74.

Moreover, Defendant's misrepresentations described herein were designed, established, and initiated from Defendant's marketing and sales agents located at Defendant's corporate headquarters in Georgia and were designed to be uniformly relied upon by consumers nationwide when they purchased the Products thereby implicating the legitimate interest of the State of Georgia in ensuring that entities within its jurisdiction operate in accordance with Georgia law.

75.

Therefore, Georgia has a legitimate interest in applying its law to adjudicate this dispute and to ensure that its residents comply with its common law while serving Georgia and out-of-state consumers.

76.

Accordingly, Georgia law has significant contacts to the claims asserted by this Class so that application of Georgia unjust enrichment law to all Class claimants is not arbitrary, capricious, or unfair and is not a violation of due process.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Classes proposed in this Complaint, respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is a proper class action, certifying the Classes as requested herein, designating Plaintiff as Class Representative, and appointing the undersigned counsel as Class Counsel for the Classes;

b) Ordering Defendant to pay restitution to Plaintiff and the other members of the Classes;

c) Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

d) Ordering such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

Plaintiff also respectfully requests leave to amend this Complaint to conform to the

evidence, if such amendment is needed for trial.

Respectfully submitted, this 15th day of June, 2017.

**HURT STOLZ, P.C.**

s/  James W. Hurt, Jr.
James W. Hurt, Jr.
Georgia Bar No.:  380104

345 West Hancock Avenue
Athens, Georgia 30601
(706) 395-2750
Facsimile:  (866) 766-9245
jhurt@hurtstolz.com

-and-

**KOZONIS LAW, LTD.**

s/  Gary M. Klinger
Gary M. Klinger
 (*pro hac vice pending*)

4849 N. Milwaukee Ave., Ste. 300
Chicago, Illinois 60630
Phone: 773.545.9607
Fax: 773.496.8617
gklinger@kozonislaw.com

**ATTORNEYS FOR PLAINTIFF
AND THE PUTATIVE CLASSES**

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing CLASS ACTION COMPLAINT was prepared on a computer, using Times New Roman 14 point font.

Respectfully submitted, this 15th day of June, 2017.

**HURT STOLZ, P.C.**

s/  James W. Hurt, Jr.
James W. Hurt, Jr.
Georgia Bar No.:  380104

345 West Hancock Avenue
Athens, Georgia 30601
(706) 395-2750
Facsimile:  (866) 766-9245
jhurt@hurtstolz.com                    **ATTORNEY FOR PLAINTIFF**