**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

TIMOTHY O'SULLIVAN,
individually and on behalf of all
others similarly situated,

                 Plaintiff,

v.

ISPRING WATER SYSTEMS, LLC,
a domestic limited liability company,

                 Defendant.

1:17-cv-2237-WSD

## OPINION AND ORDER

On June 15, 2017, Plaintiff Timothy O'Sullivan ("Plaintiff") filed his Class Action Complaint [1].

The Complaint asserts that the Court has diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). (Compl. ¶ 4). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction

*sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). In this case, the Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

"CAFA provides federal courts with jurisdiction over class actions provided that: the number of plaintiffs in all proposed plaintiff classes exceeds one hundred; any member of the plaintiff class is diverse from any defendant; and the aggregate of the claims of individual class members exceeds $5,000,000, exclusive of interests and costs." Lowery v. Alabama Power Co., 483 F.3d 1184, 1194 (11th Cir. 2007). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

Plaintiff's Complaint does not adequately allege diversity jurisdiction because it fails to identify the citizenship of Defendant iSpring Water Systems, LLC ("Defendant"). The Complaint asserts that "Defendant, iSpring, is a Georgia limited liability company with its principal office place of business at

3020 Trotters Parkway, Alpharetta, GA 30004." (Compl. ¶ 8). This is insufficient because a limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company." Id.[1]

Plaintiff is required to file an amended complaint properly alleging Defendant's citizenship.  Unless Plaintiff does so, the Court must dismiss this action for lack of subject matter jurisdiction.  See Travaglio, 735 F.3d at 1268-69 (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

---

[1] "[W]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." Rabin v. Roane Transportation Servs., LLC, No. 1:15-cv-4099, 2015 WL 7863315, at *1 n.1 (N.D. Ga. Dec. 3, 2015).  For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff shall file, on or before July 5, 2017, an amended complaint that properly alleges Defendant's citizenship. Failure to do so will result in dismissal of this action.

**SO ORDERED** this 22nd day of June, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE